1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT**

7

**FOR THE DISTRICT OF ARIZONA**

8   Gregory Linder Schlundt,                )   No. CV-12-02310-PHX-JAT (SPL)
                                             )
9                          Petitioner,       )
                                             )   **REPORT AND RECOMMENDATION**
10  vs.                                      )
                                             )
11                                           )
    Ron Lee, et al.,                         )
12                                           )
                                             )
13                         Respondents.      )
                                             )
14  _____)

15   TO THE HONORABLE JAMES A. TEILBORG, SENIOR UNITED STATES DISTRICT JUDGE:

16          Petitioner Gregory Linder Schlundt, who is confined in the Arizona State Prison

17   Complex, North Unit, in Florence, Arizona, has filed a *pro se* Petition for Writ of Habeas

18   Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).

19                                   **BACKGROUND**

20          On October 22, 1985, Petitioner was indicted by a grand jury in the Maricopa

21   County Superior Court ("Superior Court"), Case No. CR-152452, on charges of

22   attempted first degree murder (Count I) and armed robbery (Count II). (Doc. 8-1, Exh.

23   A.) Although Petitioner initially entered into a plea agreement on March 19, 1986 (Doc.

24   8-1, Exh. D), he withdrew his plea (Doc. 8-1, Exh. F) and proceeded to trial. On June 17,

25   1986, a jury found Petitioner guilty of both criminal counts, and that each was a

26   dangerous felony offense. (Doc 8-1, Exh M.) On July 21, 1986, Petitioner was sentenced

27   to a 21-year term of imprisonment on Count I, and a consecutive 18-year term of

28   imprisonment on Count II. (Doc. 8-1, Exh. P, Q.)

Petitioner, through counsel, timely filed a Notice of Appeal in the Arizona Court of Appeals ("Appellate Court"). (Doc. 8-1 at 120, Exh. R.) On or about December 24, 1986, appellate counsel filed an opening brief. (Doc. 8-1, Exh. R.) In a memorandum decision filed on May 14, 1987, the Appellate Court affirmed Petitioner's convictions and sentences. (Doc. 8-1, Exh. T.)[1]

Prior to the Appellate Court's decision, on April 15, 1987, Petitioner filed a Petition for Post-Conviction Relief in the Superior Court. (Doc. 8-1, Exh. U, W.)[2] Petitioner was appointed counsel (Doc. 8-1, Exh. Z; Doc. 8-2, Exh. AA), and an evidentiary hearing was held on the petition (Doc. 8-2, EE, FF). Following the hearing, on September 25, 1987, the Superior Court denied post-conviction relief, finding that Petitioner was not deprived of the effective assistance of trial counsel. (Doc. 8-2, Exh. FF.) Petitioner, through counsel, filed a motion for rehearing (Doc. 8-2, Exh. GG) which the Superior Court denied on October 20, 1987 (Doc. 8-2, Exh. II). Petitioner sought review on November 12, 1987, and in a memorandum decision filed on April 5, 1988, the Appellate Court granted review but affirmed the Superior Court's decision. (Doc. 8-2, Exh. KK; Doc. 8-3, Exh. OOO.)[3]

On October 16, 1990, Petitioner, proceeding *pro se*, filed a second Petition for

---

[1]    Although Petitioner contends that he appealed the Appellate Court's decision to the Arizona Supreme Court (Doc. 1 at 3, #9), there is no record of that appeal. (*See* Doc. 8-3, Exh. MMM.)

[2]    While the petition was pending, on August 14, 1987, Petitioner filed a "Petition for Writ of Mandamus" in the Appellate Court. (Doc. 8-1, Exh. Z.) Finding that post-conviction relief proceedings were pending, and that Petitioner had failed to respond to a State motion to dismiss, the Appellate Court dismissed the special action on September 4, 1987. (Doc. 8-2, Exh. BB-DD; Doc. 8-3, Exh. NNN.) *See* Rule 1(a) and (b), Arizona Rules of Procedure for Special Actions ("writs of certiorari, mandamus or prohibition originating under Ariz. Rev. Stat. § 12- 2001, 12-2021 or the common law are special actions").

[3]    Although Petitioner contends that he appealed the Appellate Court's decision to the Arizona Supreme Court (Doc. 1 at 5, #11(d)(1)), there is no record of that appeal. (*See* Doc. 8-3, Exh. OOO.)

Post-Conviction Relief in the Superior Court (Doc. 8-2, Exh. LL, OO.)[4] Finding that no material issue of fact or law existed which would entitle him to relief, the Superior Court dismissed the petition on June 10, 1991. (Doc. 8-2, Exh. WW.) Petitioner filed a Motion for Reconsideration (Doc. 8-2, Exh. XX) which was summarily denied on August 14, 1991 (Doc. 8-2, Exh. ZZ). Petitioner then appealed the decision on August 27, 1991. (Doc. 8-3, Exh. AAA.) In a memorandum decision filed on May 14, 1992, the Appellate Court granted review but denied relief. (Doc. 8-3, Exh. BBB.) On June 19, 1992, Petitioner sought review by the Arizona Supreme Court. (Doc. 8-3, Exh. CCC; Doc. 8-3 at 92, Exh. QQQ.) The Petition for Review was denied on October 23, 1992. (Doc. 8-3 at 92, Exh. QQQ.)

On September 13, 2012, Petitioner, proceeding *pro se*, filed a Notice and Petition for Post-Conviction Relief in the Superior Court. (Doc. 8-3, Exh. EEE, FFF.) In a minute entry dated October 12, 2012, the Superior Court dismissed the Notice of Post-Conviction Relief. (Doc. 8-3, Exh. HHH, KKK.) Petitioner did not seek review of that decision. (Doc. 1 at 5.)

Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on October 29, 2012. (Doc. 1.)  Respondents filed a Limited Answer (Doc. 8), to which Petitioner filed a Reply (Doc. 9).

## DISCUSSION

In his Petition for Writ of Habeas Corpus, Petitioner raises one ground for relief. In Ground One, Petitioner argues that he received ineffective assistance of counsel; but for trial counsel's misinformation concerning the possible sentence if convicted by a jury, he would not have rejected a plea offer and proceeded to trial. In response, Respondents contend that Petitioner's habeas petition is time-barred. Respondents alternatively argue that Petitioner did not exhaust his state court remedies and his claim is procedurally

---

[4]     On January 15, 1991, Petitioner filed a Petition for Special Action (Doc. 8-2, Exh. PP), over which the Appellate Court declined to exercise jurisdiction (Doc. 8-2, Exh. TT).

barred. For the reasons that follow, the Court finds that the habeas petition is barred by the statute of limitations, and will therefore recommend that it be denied on that basis.

## I.    Legal Standard

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a State court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Such petitions are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[5]  28 U.S.C. § 2244. The AEDPA imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. *See* 28 U.S.C. § 2244. The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). "[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires." *See Gonzalez v. Thaler*, — U.S. —, 132 S.Ct. 641, 656 (2012). Where a petitioner seeks direct review from the highest state court, "the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner

---

[5]    The AEDPA applies to cases filed after its effective date, April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997).

can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition." *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999); *see also Zepeda v. Walker*, 581 F.3d 1013, 1016 (9th Cir. 2009).

The one-year filing deadline is statutorily tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2). *See also Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002). In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed, even though the petition is not filed until later. *Isley v. Arizona Department of Corrections*, 383 F.3d 1054, 1056 (9th Cir. 2004). *See also* Ariz. R. Crim. P. 32.4(a) ("A proceeding is commenced by timely filing a notice of post-conviction relief with the court in which the conviction occurred."). An application is "pending" during the "time between a lower state court's decision and the filing of a notice of appeal to a higher state court." *Carey v. Saffold*, 536 U.S. 214 (2002); *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003). However, the time between a first and second application for post-conviction relief is not tolled because no application is "pending" during that period. *See Biggs*, 339 F.3d at 1048; *see also King v. Roe*, 340 F.3d 821 (9th Cir. 2003) (The petitioner was "not entitled to tolling during the interval between the completion of one round of state collateral review and the commencement of a second round of review."). Further, unlike finality under 28 U.S.C. § 2244(d)(1), statutory tolling under § 2244(d)(2) does not apply to the period to seek certiorari from the United States Supreme Court. *See White v. Klitzkie*, 281 F.3d 920, 924 (9th Cir. 2002).

In certain limited circumstances, the one-year filing deadline may be equitably tolled. *Holland v. Florida*, ─ U.S. ─, 130 S. Ct. 2549, 2560 (2010). *See also Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997) (recognizing that AEDPA's limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar), *overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998). A petitioner is entitled to equitable

tolling if he can demonstrate that "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way'" to prevent him from timely filing a petition. *Holland*, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S, 408, 418 (2005)); *Roberts v. Marshall*, 627 F.3d 768, 772 (9th Cir. 2010) (the petitioner must demonstrate "both that there were 'extraordinary circumstances,' and that the 'extraordinary circumstances were the cause of his untimeliness'") (quoting *Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007)); *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) ("Equitable tolling is applicable only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.") (internal quotation marks and citations omitted). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (quoting *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)).

Lastly, "an actual-innocence gateway claim" may serve as an exception to AEDPA's limitations period. *McQuiggin v. Perkins*, — U.S. — , 133 S.Ct. 1924, 1926-1927 (2013) (also referring to this exception as a "fundamental miscarriage of justice exception"); *Lee v. Lampert*, 653 F.3d 929, 932 (9th Cir. 2011) (en banc). To qualify for this exception, a petitioner must present "new reliable evidence ... that was not presented at trial." *Lee*, 653 F.3d at 938. *But see McQuiggin*, 133 S.Ct. at 1927 (explaining the significance of an "[u]nexplained delay in presenting new evidence"). The petitioner must then make a credible showing of "actual innocence" by "persuad[ing] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995); *Lee*, 653 F.3d at 932 (where a petitioner passes the actual innocence "*Schlup* gateway" he may "have his otherwise time-barred claims heard on the merits"). However, "[t]his is a high threshold that is rarely met." *Lee*, 653 F.3d at 945; *McQuiggin*, 133 S.Ct. at 1928 ("tenable actual-innocence gateway pleas are rare").

1    **II.      Application**

2           **A.      Commencement of Limitations Period**

3           On direct review, the Arizona Court of Appeals affirmed Petitioner's convictions

4    and sentences on May 14, 1987. Petitioner had thirty days, or until June 13, 1987, to file a

5    petition for review in the Arizona Supreme Court. *See* Ariz. R. Crim. P. 31.19(a).

6    Petitioner did not do so; therefore, his convictions would have become final on June 13,

7    1987 for purposes of 28 U.S.C. § 2244(d)(1)(A). *See Gonzalez v. Thaler*, 132 S. Ct. at

8    656. However, where a conviction became final before the enactment of the AEDPA, as

9    here, the limitations period did not commence until April 24, 1996. *Patterson v. Stewart*,

10   251 F.3d 1243, 1245 (9th Cir. 2001).

11          Petitioner argues alternatively that the limitations period did not commence until

12   the issuance of the Supreme Court's decision in *Lafler v. Cooper*, 132 S.Ct. 1376 (2012),

13   because it announced a newly-recognized constitutional right. (Doc. 1 at 11.) *See* 28

14   U.S.C. § 2244(d)(1)(C). Petitioner's argument is unavailing. *Lafler* did not recognize a

15   new constitutional right, rather, it "merely applied the Sixth Amendment right to effective

16   assistance of counsel according to the test articulated in *Strickland v. Washington*, 466

17   U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984), and established in the plea-

18   bargaining context in *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203

19   (1985)." *Buenrostro v. United States*, 697 F.3d 1137, 1139 (9th Cir. 2012). "Because the

20   Court in … *Lafler* repeatedly noted its application of an established rule to the underlying

21   facts, [it] did not break new ground or impose a new obligation on the State or Federal

22   Government." *Buenrostro*, 697 F.3d at 1139. Therefore, *Lafler* does not qualify as a

23   "constitutional right ... newly recognized by the Supreme Court and made retroactively

24   applicable to cases on collateral review" under § 2244(d)(1)(C). Consequently, the

25   limitations period commenced on April 24, 1996 and, absent tolling, it continued to run

26   until it expired on April 24, 1997. *See Patterson*, 251 F.3d at 1246 (prisoners "whose

27   convictions became final prior to AEDPA's enactment, had a one-year grace period in

28   which to file their petitions").

1  **B.    Statutory Tolling**

2  Petitioner has not proffered any proceeding which statutorily tolled the limitations

3  period. In 2012, more than 15 years after the grace period expired, Petitioner sought post-

4  conviction review for the third time. Because the AEDPA statute of limitations had

5  already expired, the 2012 post-conviction notice did not toll the limitations period.

6  Section 2244(d)(2) can only serve to pause a clock that has not yet fully run. *Ferguson v.*

7  *Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (state petition filed after the expiration of

8  AEDPA's one-year period does not revive a limitations period that ended before state

9  petition was filed). Once the AEDPA limitations period expires, a subsequently filed

10  petition for post-conviction relief cannot restart the statute of limitations. *Jiminez v. Rice*,

11  276 F.3d 478, 482 (9th Cir. 2001).[6] Therefore, Petitioner has not demonstrated that he is

12  entitled to statutory tolling of the limitations period.

13  **C.    Equitable Tolling**

14  Petitioner has also not presented any circumstance that justifies equitably tolling

15  of the statute of limitations. Petitioner has not shown that he pursued his claim diligently,

16  because the facts he cites in support of his ineffective assistance of counsel claim have

17  been available to him such that he could have filed a timely petition. Further, Petitioner

18  has not articulated, and the record does not reveal, any extraordinary circumstance which

19  precluded him from timely filing. Petitioner concedes that his habeas petition is untimely

20  under the AEDPA, but argues that the Supreme Court's decision in *Lafler* warrants

21  tolling. *Even if* Petitioner could argue that but for *Lafler,* he could not have prevailed on a

22  federal habeas claim, he does not argue that he was prevented from preparing or filing a

23  federal habeas petition. *See Shannon v. Newland*, 410 F.3d 1083, 1087-1088 (9th Cir.

24  2005) *cert. denied*, 546 U.S. 1171 (2006). Petitioner has filed numerous pleadings in state

25  court, yet has not explained his failure to timely petition this Court. Based on these

26

27  [6]      Further, the 1987 and 1990 post-conviction proceedings do not toll the limitations

28  period, because they concluded before the one-year grace period even commenced in
1996. *See Patterson* ,251 U.S. 1247.

1    circumstances, the Court simply cannot say that extraordinary circumstances stood in

2    Petitioner's way and prevented him from timely filing a federal habeas petition.

3         D.        **Fundamental Miscarriage of Justice Exception**

4         Lastly, Petitioner argues in his reply that his petition is "not barred by the statute

5    of limitations by reason of a fundamental miscarriage of justice." (Doc. 9 at 2.) "[A]

6    petitioner must produce sufficient proof of his actual innocence to bring him within the

7    narrow class of cases ... implicating a fundamental miscarriage of justice." *Lee*, 653 F.3d

8    at 937 (internal quotation marks omitted); *see also McQuiggin*, 133 S.Ct. at 1927 ("A

9    petitioner invoking the miscarriage of justice exception" must present "evidence of

10   innocence so strong that a court cannot have confidence in the outcome of the trial…").

11   Here, Petitioner does not attempt to cast "doubt on the conviction by undercutting the

12   reliability of the proof of guilt" nor does he make any claim of actual innocence. *Lee*, 653

13   F.3d at 937. Rather, Petitioner seeks to challenge the constitutional fairness of the

14   sentences he received. Petitioner has not proffered any evidence or argument of actual

15   innocence, and thus has not presented new evidence that justifies review of his time-

16   barred claims under this exception.

17        In sum, here, the statute of limitations ran uninterrupted until the conclusion of the

18   one-year grace period on April 24, 1997. Petitioner did not file his federal habeas petition

19   until October 29, 2012, more than 15 years after that period expired. Therefore, the Court

20   finds that the Petition for Writ of Habeas Corpus is untimely and barred by the statute of

21   limitations.

22                              **CONCLUSION**

23        The record is amply developed, and the Court does not find that an evidentiary

24   hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638 F.3d 1027,

25   1041 (9th Cir. 2011)*; Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010). Based on

26   the above analysis, the Court finds that the Petition for Writ of Habeas Corpus is barred

27   by the statute of limitations. The Court will therefore recommend that the Petition for

28   Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 12th day of August, 2013.

Honorable Steven P. Logan
United States Magistrate Judge

10